IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF OHIO
EASTERN DIVISION


Nancy S. Woodard,                    :

        Plaintiff,                   :

     v.                              :          Case No. 2:11-cv-1055

                                     :          JUDGE GREGORY L. FROST
Commissioner of Social Security,        Magistrate Judge Kemp

        Defendant.                   :

### REPORT AND RECOMMENDATION

    Plaintiff, Nancy S. Woodard, filed this action seeking review
of a decision of the Commissioner of Social Security denying her
applications for disability insurance benefits and supplemental
security income.  In a decision filed on February 14, 2013, the
Court remanded the case to the Commissioner for further
proceedings.  Plaintiff's counsel have now filed an application
for attorneys' fees under the Equal Access to Justice Act, 28
U.S.C. §2412.  Responsive and reply memoranda have been filed,
and the motion is now ready to decide.

### I.   Legal Standard

    The Equal Access to Justice Act, 28 U.S.C. §2412, provides,
in pertinent part, that the Court shall award to a prevailing
party other than the United States attorneys' fees and expenses
"unless the court finds that the position of the United States
was substantially justified or that special circumstances make an
award unjust."

    The party seeking an award of such fees and expenses is
required to submit a fee application to the court within 30 days
of the date that the judgment became final and non-appealable.
The application must demonstrate that the party is a prevailing
party and is eligible to receive a fee award.  It must also

document the amount sought, including an itemized statement from the attorney or attorneys involved, and must allege that the position of the United States was not substantially justified. The court is then required to determine, on the basis of the record, whether the position of the United States was substantially justified.  Attorneys' fees are limited to the rate of $125.00 per hour "unless the court determines that an increase in the cost of living or a special factor, such as the limited availability of qualified attorneys for the proceedings involved, justifies a higher fee."

Once a petition has been filed alleging that the position of the United States was not substantially justified, the United States has the burden of demonstrating such justification.  See Miller v. United States, 831 F. Supp. 1347, 1351 (M.D. Tenn. 1993) ("The burden lies with the government to demonstrate that its position was substantially justified ...."); Weber v. Weinberger, 651 F.Supp. 1379, 1388 (E.D. Mich. 1987) ("with respect to an application for attorney's fees the Government has the burden of showing that its position was substantially justified."); see also Howard v. Heckler, 581 F. Supp. 1231, 1233 (S.D. Ohio 1984).  The question of whether the United States' position is substantially justified is determined based upon the standards set forth in Pierce v. Underwood, 487 U.S. 552 (1988). In Pierce, the Court concluded that the phrase "substantially justified" as used in the EAJA means justified "to a degree that could satisfy a reasonable person."  Pierce, supra, at 565.  As the Court noted, that test "is no different from the 'reasonable basis both in law and fact' formulation adopted by the Ninth Circuit and the vast majority of other Courts of Appeals that have addressed this issue."  Id., citing, inter alia, Trident Marine Construction, Inc. v. District Engineer, 766 F.2d 974 (6th Cir. 1985). An agency decision that is not supported by

substantial evidence may still be one that has a reasonable basis in law and fact.  Jankovich v. Bowen, 868 F.2d 867 (6th Cir. 1989).  Consequently, this Court is required to apply the "reasonable basis in law and fact" test set forth in Trident Marine Construction to this application for attorneys' fees.

## II.   The Application for Fees

In this case, two attorneys, Charles E. Binder and Eddy Pierre Pierre, represented plaintiff.  According to their application, they expended, in total, 35.5 hours on the case.  They request an award of $6,418.05, plus $550.00 in expenses, for the time spent, an hourly rate of $180.79.  The bulk of the time (approximately 25 hours) was spent drafting the statement of specific errors, and the balance was devoted to filing objections to the Report and Recommendation (6.6 hours), preparing the fee petition, and other miscellaneous activities.  Counsel also attached an assignment of any fee recovery under the EAJA, signed by the plaintiff, Nancy S. Woodard.

In the response, the Commissioner does not take issue either with the number of hours spent on the case or the proposed hourly rate of compensation.  Rather, the Commissioner's memorandum identifies a single issue for the Court to decide: "Whether the Court should deny Plaintiff's application for attorneys' fees because the Commissioner's position was substantially justified?" Memorandum in Opposition to Plaintiff's Motion for Attorney's Fees, Doc. 27, at 1.  The Court now turns to this question.

## III.   Discussion

A brief review of the case's procedural history is in order. Plaintiff had applied for benefits on the basis of disability due to knee and back problems.  An ALJ credited evidence that she suffered from severe knee and back impairments but concluded that she could do a reduced range of sedentary work.  The primary issue raised by plaintiff's statement of errors was the ALJ's

-3-

decision to reject opinions from her treating source, Dr.
Franklin, although plaintiff also raised an issue about the ALJ's
failure to accept in its entirely the report of Dr. Smith, a
consultative examiner.

In a Report and Recommendation, the undersigned Magistrate
Judge recommended sustaining the Commissioner's decision.  That
recommendation was based on a finding that Dr. Franklin's reports
did not really address whether plaintiff had the physical ability
to do jobs other than her prior work as a fast-food restaurant
manager.  The Court also concluded that the ALJ articulated valid
reasons for discounting Dr. Smith's report to a slight extent.

In sustaining plaintiff's objections to the Report and
Recommendation, Judge Frost concluded that reasoning process
through which Dr. Franklin's earlier report was rejected was
"problematic."  In particular, Judge Frost found that Dr.
Franklin did not, as the first ALJ decision stated, improperly
cite to vocational factors in expressing an opinion about
plaintiff's functional capacity, and that inconsistencies between
Dr. Franklin's views and the views of non-treating sources could
not be used to discount his opinion because the later ALJ also
disagreed with the non-treating source opinions.  Judge Frost
also concluded that the ALJ did not explain adequately why he
accepted parts of Dr. Franklin's opinions but rejected others,
not mentioning limits imposed by Dr. Franklin on plaintiff's use
of left hand and arm, the need for a sit-stand option, or the
likelihood that plaintiff would miss more than three days of work
per month.  Finally, the Opinion and Order (Doc. 21) noted the
possibility of a closed period of disability, and directed the
Commissioner to assess that issue on remand.  The Commissioner
did not appeal the Court's decision.

In the memorandum in opposition, the Commissioner argues
that his litigation position was substantially justified because,

-4-

first, the Magistrate Judge accepted that position, and, second, the only errors found by the District Judge were errors in articulation, and not substantive errors.  The Commissioner cites to a number of decisions, such as Anderson v. Comm'r of Social Security, 1999 WL 1045072 (6th Cir. Nov. 12, 1999) and Stein v. Sullivan, 966 F.2d 317 (7th Cir. 1992) which, according to the Commissioner, hold that if there is conflicting evidence on the issue of disability and remand is ordered only because the ALJ did not explicitly describe how conflicts in the evidence were resolved, the Commissioner's litigation position is substantially justified.

In reply, plaintiff notes that the mere fact that the Magistrate Judge accepted the Commissioner's arguments is not dispositive of the question of whether they were substantially justified.  Further, she argues that Anderson and Stein are distinguishable because the errors found by Judge Frost were not articulation errors only, but involved a mischaracterization of the record.  Finally, she points out that the articulation errors which did occur violated controlling circuit precedent (Wilson v. Comm'r of Social Security, 378 F.3d 541, 544 (6th Cir. 2004)) as well as the Commissioner's own regulations and that the ALJ's failure in this regard could not reasonably be defended.

Plaintiff is correct that the mere fact that an administrative or judicial tribunal accepted the Commissioner's position does not immunize the Commissioner from a fee award under the EAJA.  See, e.g, Patrick V. Shineski, 668 F.3d 1325 (Fed. Cir. 2011).  Rather, the Court must look at both the agency's litigation position and the underlying agency decision in order to determine, as a whole, if the position of the Commissioner was substantially justified.

Anderson, the primary case relied on by the Commissioner, held that "[a] reversal of the denial of benefits and a remand

-5-

for further clarification does not automatically mean the Commissioner's decision to defend the ALJ's decision to deny benefits was unreasonable." Id. at *4. The converse is not true, however - that if lack of clarity or articulation of the Commissioner's position is the basis of remand, defending the ALJ's decision is always substantially justified. It is important to remember that Anderson pre-dated Wilson's authoritative interpretation of §404.1527 by a number of years, and Anderson did not involve the same regulation. Stein also does not appear to have involved §404.1527 - the remand there was based on a finding that the ALJ did not "articulate that he considered all the evidence in the case before arriving at a decision." Id. at 319. Thus, the issue is not so clear-cut as the Commissioner contends, and there are decisions from this Court which have awarded fees under the EAJA precisely because the ALJ did not articulate with sufficient specificity the rationale for rejecting a treating source opinion. See, e.g., Woodie v. Astrue, 2008 WL 4878915 (S.D. Ohio Nov. 12, 2008).

Here, it is true that the Court has held that the ALJ did not properly follow Wilson and §404.1527 by giving adequate reasons for rejecting the opinions of Drs. Franklin and Smith. The error was not just one of articulation, however; at least part of the Court's decision hinged on the fact that the ALJ (at least the one who decided the application in the first instance, and on whose opinion the second ALJ relied) did not cite to substantial reasons for discounting Dr. Franklin's opinion - in other words, his rationale was clearly explained or articulated, but not supported by substantial evidence. Again, of course, the absence of substantial evidence is not the equivalent of the absence of substantial justification.

The Court also found that portions of the second ALJ's decision were erroneous because that decision simply ignored

-6-

specific physical limitations contained in Dr. Franklin's later
opinion.  That, too, is more than an error in articulation, as is
the failure to offer substantial support for the reasons given
for rejecting Dr. Smith's conclusion that plaintiff could not
sustain work activities for more than seven hours per day.

But were these conclusions by the ALJ, even if erroneous,
not substantially justified, and was the Commissioner's decision
to defend them here lacking a reasonable basis in law and fact?
The Court cannot reach that conclusion.  The ALJ did offer a
detailed explanation for his decision, and it did not involve a
total misreading of the record or a total misapplication of the
law.  The Commissioner presented substantial arguments why the
Court should have accepted the ALJ's findings as being supported
by the record.  They included the fact that the ALJ made a
residual functional capacity finding which was not dramatically
different from Dr. Franklin's opinion, the fact that plaintiff's
condition actually improved over time with surgery, and the fact
that she had fairly extensive activities of daily living which
seemed to conflict with Dr. Franklin's more pessimistic view of
her abilities.

These arguments did not ultimately carry the day, but they
were reasonably grounded in the record and were based on the
Commissioner's interpretation of how the applicable law applied
to these facts.  This is not a case like Meyers v. Heckler, 625
F.Supp. 228, 235 (S.D. Ohio 1985) where the ALJ "failed to apply
the correct legal standard."  Rather, the ALJ identified and
attempted to follow that standard, but simply did not marshal
enough support in favor of the result reached.  Under these
circumstances, although the case is admittedly a close one
(primarily, in the Court's view, due to the second ALJ's failure
to confront head-on some of the significant limitations found by
Dr. Franklin in his second report), it is not one where an award

-7-

of fees under the EAJA should be made.

IV.   <u>Recommended Decision</u>

For these reasons, it is recommended that the plaintiff's motion for an award of fees under the Equal Access to Justice Act (Doc. 23) be denied.

V. <u>Procedure on Objections</u>

If any party objects to this Report and Recommendation, that party may, within fourteen (14) days of the date of this Report, file and serve on all parties written objections to those specific proposed findings or recommendations to which objection is made, together with supporting authority for the objection(s).  A judge of this Court shall make a <u>de novo</u> determination of those portions of the report or specified proposed findings or recommendations to which objection is made.  Upon proper objections, a judge of this Court may accept, reject, or modify, in whole or in part, the findings or recommendations made herein, may receive further evidence or may recommit this matter to the magistrate judge with instructions.  28 U.S.C. §636(b)(1).

The parties are specifically advised that failure to object to the Report and Recommendation will result in a waiver of the right to have the district judge review the Report and Recommendation <u>de novo</u>, and also operates as a waiver of the right to appeal the decision of the District Court adopting the Report and Recommendation.  <u>See Thomas v. Arn</u>, 474 U.S. 140 (1985); <u>United States v. Walters</u>, 638 F.2d 947 (6th Cir. 1981).


/s/ Terence P. Kemp
United States Magistrate Judge


-8-
