UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF OHIO
EASTERN DIVISION

NANCY S. WOODARD,

       Plaintiff,                           Case No. 2:11-cv-1055
                                             JUDGE GREGORY L. FROST
   v.                                             Magistrate Judge Kemp

COMMISSIONER OF SOCIAL SECURITY,

       Defendant.

**OPINION AND ORDER**

In this action, Plaintiff Nancy S. Woodard sought review of Defendant Commissioner of Social Security's ("Commissioner") decision denying her applications for disability insurance benefits and supplemental security income. This Court previously remanded this case to the Commissioner for further proceedings after sustaining Woodard's objections to a Report and Recommendation that the Court enter judgment in favor of the Commissioner. (Opinion and Order, ECF No. 21.)

Following this Court's decision remanding the case, Woodard filed an application for attorneys' fees under the Equal Access to Justice Act ("EAJA"), 28 U.S.C. § 2412. (ECF No. 23.) The Commissioner filed an opposition to the application (ECF No. 27), to which Woodard filed a reply in further support of her application (ECF No. 28). On June 27, 2013, the Magistrate Judge issued his Report and Recommendation, recommending that the Court deny Woodard's application for fees under the EAJA. This matter is now before the Court on Woodard's objections to the Magistrate's Report and Recommendation (ECF No. 30) and the Commissioner's memorandum in opposition to Woodard's objections (ECF No. 32).

1

For the following reasons this Court **OVERRULES** Plaintiff's objections (ECF No. 30), **ADOPTS** the Magistrate Judge's Report and Recommendation (ECF No. 29), and **DENIES** Plaintiff's motion for an award of fees under the EAJA (ECF No. 23).

## I.

Plaintiff filed this action to obtain judicial review of a Commissioner decision denying her application for disability insurance benefits and supplemental security income. On February 14, 2013, this Court sustained Plaintiff's objections to the Report and Recommendation (ECF No. 19) of the Magistrate Judge, who had recommended that the Court overrule plaintiff's statement of errors and enter judgment in favor of the Commission. (ECF No. 21.)

This Court found "problematic" the ALJ's reasoning process, which rejected a report by Dr. Franklin, a treating source of Plaintiff. (ECF No. 21 at PageID# 124.) The Court found that Dr. Franklin did not, as the first decision of the ALJ indicated, improperly cite to vocational factors in expressing an opinion about Plaintiff's functional capacity. (*Id.* at PageID# 125.) The Court also concluded that the ALJ did not explain adequately why he accepted parts of Dr. Franklin's opinions while rejecting others. (*Id.*) Nor did the ALJ explain why he did not mention limits imposed by Dr. Franklin on Plaintiff's use of her left arm, the need for a sit-stand option, or the likelihood that Plaintiff would miss more than three days of work per month. (*Id.* at PageID# 126.)

Following this Court's decision declining to adopt the Magistrate Judge's Report and Recommendation and remanding this case to the Commissioner, Plaintiff filed a motion for an award of attorneys' fees and costs under EAJA. (ECF No. 23.) Specifically, Plaintiff's motion

2

asked for an award of $6,418.05 in attorneys' fees plus an additional $550.00 in expenses. (*Id.*) The Commissioner opposed the motion, arguing that its position before the ALJ was substantially justified. (ECF No. 27.)

The Magistrate Judge issued his Report and Recommendation on June 27, 2013, recommending that the Court deny Plaintiff's request for an award of fees and costs under the EAJA. (ECF No. 29.) Plaintiff timely objected to the Magistrate Judge's Report and Recommendation (ECF No. 30) and the Commissioner responded to Plaintiff's objections (ECF No. 32).

## II.

The Equal Access to Justice Act ("EAJA") empowers the Court to award attorneys' fees and expenses to a prevailing party (other than the United States) in a civil proceeding for judicial review of an agency action "unless the court finds that the position of the United States was substantially justified or that special circumstances make an award unjust." 28 U.S.C. § 2412(d)(1)(A).

Where, as here, a prevailing party files a petition alleging that the United States' position was not substantially justified, the United States has the burden of demonstrating the requisite justification. *See Miller v. United States*, 831 F. Supp. 1347, 1351 (M.D. Tenn. 1993). "Substantially justified" for purposes of the EAJA means that the government's position is such that "a reasonable person could think it correct, that is, if it has a reasonable basis in law and fact." *Pierce v. Underwood*, 487 U.S. 552, 566 n.2 (1988); *see also Trident Marine Constr., Inc. v. District Eng'r*, 766 F.2d 974, 980 (6th Cir. 1985). Notably, the "substantially justified" standard is not the same thing as a "substantial evidence" standard. An agency decision may still

3

be substantially justified (*i.e.*, having a reasonable basis in law and fact) even though it is not supported by "substantial evidence." *Howard v. Barnhart*, 376 F.3d 551, 554 (6th Cir. 2004); *see also Jankovich v. Bowen*, 868 F.2d 867, 870 (6th Cir. 1989).

Plaintiff's first objection to the Report and Recommendation focuses upon the legal standard employed by the Magistrate Judge. Arguing that the Magistrate Judge employed "the wrong legal standard" (ECF No. 30 at PageID# 175), Plaintiff takes issue with the following passage in the Report and Recommendation:

> The Court also found that portions of the second ALJ's decision were erroneous because that decision simply ignored specific physical limitations contained in Dr. Franklin's later opinion. That, too, is more than an error in articulation, as is the failure to offer substantial support for the reasons given for rejecting Dr. Smith's conclusion that plaintiff could not sustain work activities for more than seven hours per day.
>
> But were these conclusions by the ALJ, even if erroneous, not substantially justified, and was the Commissioner's decision to defend them here lacking a reasonable basis in law and fact? The Court cannot reach that conclusion. The ALJ did offer a detailed explanation for his decision, and *it did not involve a total misreading of the record or a total misapplication of the law*. The Commissioner presented substantial arguments why the Court should have accepted the ALJ's findings as being supported by the record. They included the fact that the ALJ made a residual functional capacity finding which was not dramatically different from Dr. Franklin's opinion, the fact that plaintiff's condition actually improved over time with surgery, and the fact that she had fairly extensive activities of daily living which seemed to conflict with Dr. Franklin's more pessimistic view of her abilities.

(Report and Recommendation, ECF No. 29 at PageID# 171 (emphasis added).)

Plaintiff targets the "total misreading of the record or a total misapplication of the law" language in the above quoted passage, accusing the Magistrate Judge of applying "the wrong legal standard." (ECF No. 30 at PageID# 175.) Plaintiff argues that this language indicates that the Magistrate Judge imposed a "much higher burden" than the applicable "substantially

4

justified" standard.  (*Id.*)

The Court disagrees with Plaintiff's reading of the Magistrate Judge's analysis.  Viewed in context, the Magistrate Judge was not using the "total misreading of the record or a total misapplication of the law" language as a recitation of the legal standard.  Indeed, the Magistrate Judge devoted an entire section of his Report and Recommendation to the legal standard involved here, explaining that the issue before the Court is whether the Commissioner's position was "substantially justified," meaning that it had a "reasonable basis in law and fact."  (ECF No. 29 at PageID# 166-67.)  When the Magistrate Judge noted the absence of a "total misreading of the record or a total misapplication of the law," he was merely emphasizing the point that there was a genuine dispute and a reasonable basis in law and fact for the Commissioner's position. (*Id.* at PageID# 171 ("[The Commissioner's] arguments did not ultimately carry the day, but they were reasonably grounded in the record and were based on the Commissioner's interpretation of how the applicable law applied to these facts.").)

Plaintiff also objects to the Report and Recommendation because it purportedly "suggests that because the [residual functional capacity] found by the ALJ was not significantly different from the one offered by the treating physician, Defendant's position was substantially justified." (ECF No. 30 at PageID# 175.)  But that is not what the Report and Recommendation suggests. The Magistrate Judge cited the fact that the ALJ made a residual functional capacity finding that "was not dramatically different from Dr. Franklin's opinion" as one of many factors that the Commissioner argued to show that the ALJ's findings were supported by the record.  (ECF No. 29 at PageID# 171.)  Plaintiff argues that the difference between the ALJ's finding and Dr. Franklin's opinion is "significant as it is determinative as to the outcome of whether Ms.

5

Woodard is disabled." (ECF No. 30 at PageID # 175.) But this does not change the fact that the ALJ's position regarding residual functional capacity had support in the record and a reasonable basis in fact.

Finally, Plaintiff objects to the Report and Recommendation because she says the Magistrate Judge is attempting to "revisit" this Court's determination that the ALJ erred by finding Plaintiff's daily activities conflicted with Dr. Franklin's evaluation of her capacity to perform limited work. In reciting the Commissioner's "substantial arguments" given for accepting the ALJ's findings, the Report and Recommendation noted "the fact that [Plaintiff] had fairly extensive activities of daily living *which seemed to conflict* with Dr. Franklin's more pessimistic view of her abilities." (ECF No. 29 at PageID# 171.) Plaintiff argues that the "seemed to" language indicates that the Magistrate Judge is inappropriately revisiting this Court's determination described above and using that to bootstrap his finding that the Commissioner's position was substantially justified.

The Court does not view the Magistrate Judge's analysis as an attempt to "revisit" the Court's previous findings. In its previous decision in this case, the Court noted that the ALJ erred in its description of Dr. Franklin's opinion having assessed Plaintiff as "totally incapacitated." (ECF No. 21 at PageID# 126.) The Court found that Dr. Franklin's opinion, in fact, described Plaintiff as having a level of functioning above total incapacitation and, thus, the ALJ's statement to the contrary lacked "substantial support in the record." (*Id.* at PageID# 127.) But it should be noted that Dr. Franklin also made assessments of Plaintiff's condition that were "inconsistent with the performance of competitive work activity." (*Id.* at PageID# 123.) Thus, when the Magistrate Judge says that Plaintiff's daily activities "seemed to conflict with Dr.

6

Franklin's more pessimistic view of her abilities," the statement is not at odds with this Court's finding.  The Court agrees with the Magistrate Judge that the Commissioner's arguments did not carry the day, but were reasonably grounded in the record and had a basis in law.

## III.

For the reasons stated herein, this Court **OVERRULES** Petitioner's objections (ECF No. 30), **ADOPTS** the Magistrate Judge's Report and Recommendation (ECF No. 29), and **DENIES** Plaintiff's motion for an award of fees and expenses under the EAJA (ECF No. 23).

**IT IS SO ORDERED**.

    /s/ Gregory L. Frost
GREGORY L. FROST
UNITED STATES DISTRICT JUDGE